UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN GOODMAN,

                Plaintiff,

-v.-

VICTORIA'S SECRET & CO.,

                Defendant.

24 Civ. 06014 (JHR)

ORDER

---

JENNIFER H. REARDEN, District Judge:

On August 8, 2024, Defendant Victoria's Secret & Co. ("Victoria's Secret") removed this personal injury action from the Supreme Court of New York, New York County. ECF No. 1 (Not. of Removal). Defendant invokes the Court's diversity jurisdiction "pursuant to 28 U.S.C. §§ 1332(a), 1441(a), 1446[.]" *Id.* at 1. For the reasons set forth below, the Court finds that it lacks jurisdiction over this action. Accordingly, the case is REMANDED to the Supreme Court of New York, New York County.

## I.    BACKGROUND

On January 18, 2024, Plaintiff Stephen Goodman filed a Complaint in the Supreme Court of New York against Defendant Victoria's Secret. Not. of Removal ¶ 1. Plaintiff seeks damages for injuries allegedly sustained during a November 15, 2023 incident on Defendant's premises related to a "negligently placed display above [a] staircase and handrail." ECF No. 1-1 ¶ 22.

Defendant filed a notice of removal in this Court on August 8, 2024. Not. of Removal. The Notice of Removal states that Plaintiff's "Complaint only ambiguously alleges that Plaintiff suffered damages 'in an amount in excess of the monetary jurisdictional limits of lower New York State Courts.'" *Id.* ¶ 12. Plaintiff's complaint does not identify an amount in controversy. *See* ECF No. 1-1. Defendant also alleges that, "[o]n July 19, 2024, Plaintiff's counsel responded to [a] Demand for Damages indicating the amount in controversy exceeds $75,000.00." *Id.* ¶ 15;

*see also* ECF No. 1-2 (citing an email from Plaintiff's counsel stating that, "[p]ursuant to our discussion, the amount in controversy in this action exceeds *$75,000.00*[.]") (emphasis in original).

## II.     LEGAL STANDARDS

Removal jurisdiction exists only if the action is one over which the district court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). Diversity jurisdiction lies where complete diversity of citizenship among the parties is present and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The "burden of establishing [diversity] jurisdiction" is on the party who removes. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019); *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022).

Federal courts must "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis" for removal. *Id.*; *see also Reed v. Marvin Lumber & Cedar Co., LLC*, No. 22 Civ. 9701 (PMH), 2022 WL 16960963, at *2 (S.D.N.Y. Nov. 16, 2022) ("While defendants need not 'prove the amount in controversy to an absolute certainty,' they have 'the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" (remanding case *sua sponte*)); *Torres v. Merriman*, No. 20 Civ. 3034 (PMH), 2020 WL 1910494, at *1 (S.D.N.Y. Apr. 17, 2020) (remanding case *sua sponte*).

Moreover, "courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Nguyen v. FXCM Inc.*,

364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.    DISCUSSION

Defendant has failed to establish that the amount in controversy exceeds $75,000. *See Lupo*, 28 F.3d at 274; *Reed*, 2022 WL 16960963, at *2. Plaintiff's complaint seeks damages "in a sum exceeding the jurisdictional limits of all lower courts, together with interests, costs, disbursements, attorney fees in this action, and such other and further relief as the Court may deem just, proper, and equitable." ECF No. 1-1 at 14. "This is obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $25,000). . . . It is not a reference to federal district courts, any more than it is a reference to the courts of Thailand." *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, No. 19 Civ. 4390 (JPO), 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019) (remanding case *sua sponte*). Using "boilerplate language . . . with no detailed allegations about the facts or the nature of any injuries," *id.*, the complaint alleges that Plaintiff "sustain[ed] severe and serious injuries, was required to seek, and obtain emergency medical care and attention in an effort to cure and alleviate same; has suffered painful and disabling injuries requiring extensive medical treatment and upon information and belief will be compelled to do so in the future." ECF No. 1-1 ¶ 26. Without "any information concerning the nature and extent of Plaintiff's injuries, the treatment he received, or other losses he conceivably suffered[,] . . . the Court is left to guess at the amount

in controversy." *Valente v. Garrison From Harrison LLC*, No. 15 Civ. 6522 (DLI), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case *sua sponte* where the complaint contained "boilerplate allegations that [p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled required medical attention, suffered pain, will continue to suffer and will require medical attention in the future.'") (citation omitted)).

In short, "Defendants' Notice of Removal contains no factual allegations supporting any particular damages amount" and only "recites the underlying complaint's demand for 'an amount which exceeds the jurisdictional limits of all lower Courts.'" *Nahshal v. Denmark*, No. 20 Civ. 9951 (JPO), ECF No. 6 at 2 (S.D.N.Y. Dec. 2, 2020) (remanding case); *see also Woodley v. Mass. Mut.*, No. 08 Civ. 0949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding personal injury case where "the notice of removal essentially incorporate[d] by reference the plaintiff's demand for judgment 'in an amount in excess of the maximum monetary jurisdiction of all lower Courts'"); *Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647 (MKV), 2021 WL 2852039, at *2 (S.D.N.Y. July 8, 2021) (similar).

The Notice of Removal also avers that "Plaintiff's counsel responded to the Demand for Damages indicating the amount in controversy exceeds $75,000.00." *Id.* ¶ 15. This assertion lacks any factual allegations in support of that sum, however, much less "plausible allegations." *See Kurland & Assocs., P.C. v. Glassdoor, Inc.*, No. 19 Civ. 8070 (PAE), 2020 WL 4016816, at *2 (S.D.N.Y. July 16, 2020) ("[T]here must at least be plausible factual allegations—either in the underlying state court complaint or in the defendant's notice of removal—supporting a determination that the value of the claim exceeds [$75,000]."); *SPT Chatsworth Holdings v. Chatsworth Realty Corp.*, No. 20 Civ. 8502 (PKC), slip op. at 2 (S.D.N.Y. Oct. 19, 2020) ("[A]llegations upon information and belief . . . must be accompanied by a statement of the facts upon which the belief is founded."). Thus, the Court cannot determine whether the amount in

4

controversy exceeds the jurisdictional threshold. *Gargano v. Murphy*, No. 22 Civ. 242 (PKC), 2022 WL 227234, at *2 (E.D.N.Y. Jan. 26, 2022) (dismissing for lack of subject matter jurisdiction complaint seeking $1,500,000 in damages where plaintiff offered "no facts from which the Court can infer that the amount in controversy in fact exceeds $75,000").

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Defendant has failed to satisfy its "burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer*, 347 F.3d at 397 (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).  Accordingly, this action is REMANDED to the Supreme Court of New York, New York County.  The Clerk of Court is directed to terminate all open motions, send a copy of this Order to the Supreme Court of the State of New York, and close this case.

SO ORDERED.

Dated:  September 6, 2024
       New York, New York

                                            JENNIFER H. REARDEN
                                            United States District Judge